UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                            :
JUKA INNOVATIONS CORPORATION,               :          Civil Action No.:  2:18-cv-84
                                            :
            Plaintiff,                      :
                                            :          COMPLAINT
      v.                                    :
                                            :
TINYDEAL TRADING LIMITED, a foreign         :
corporation; FASTLINK GLOBAL, INC., a       :          January 5, 2018
domestic corporation; HEG US INC. d/b/a     :
SERVERLOFT a domestic corporation; and      :
JOHN DOES #1-10, unknown persons,           :          Jury Trial Demanded
                                            :
            Defendants.                     :
                                            :
------------------------------------------------------------X

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, COUNTERFEITING, UNFAIR COMPETITION & PATENT INFRINGEMENT

Plaintiff Juka Innovations Corporation (hereinafter "Juka"), for its Complaint against: (i) TinyDeal Trading Limited, a foreign corporation (hereinafter "Tinydeal"); (ii) Fastlink Global, Inc., a domestic corporation (hereinafter "Fastlink Global"); (iii) HEG US INC. d/b/a SERVERLOFT, a domestic corporation (hereinafter "Serverloft"); and (iv) John Does # 1-10; (collectively, "Defendants") alleges as follows:

## INTRODUCTION

1.      This is an action for:

(i)      copyright infringement arising under the Copyright Laws of the United
         States, 17 U.S.C. § 101 et seq.;

(ii)     trademark infringement arising under the Trademark Laws of the United
         States, 15 U.S.C. § 1051 et seq.;

(iii)    counterfeiting arising under 15 U.S.C. § 1114(1)(b);

(iv)    unfair competition arising under the Trademark Laws of the United States, 15 U.S.C. § 1125(a);

(v)    patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 et seq.;

(vi)    common law trademark infringement under the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law § 360 et seq.; and

(vii)    common law unfair competition under the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law §§ 349 and 360-l.

2.    Juka owns exclusive rights in the visual material (collectively the "Visual Material") claimed in the following United States Copyright Registrations: Reg. No. VAu001283876 entitled "TubShroom Collateral 2016;" Reg. No. VAu001263568 entitled "TubShroom;" and Reg. No. VAu001283873 entitled "SinkShroom Collateral 2016" (collectively, the "Juka Copyrights"). Copies of these three (3) U.S. Copyright Registrations are attached hereto as **Exhibit A**.

3.    An example of the Visual Material is shown in the photographs below (which photographs formed part of the deposit for U.S. Copyright Reg. No. VAu001263568):[1]

---

[1] Given the voluminous nature of the deposits for the Juka Copyrights, full copies thereof are not attached to this Complaint. That being said, the deposits are publicly available, upon request, through the Copyright Office. Additionally, copies of the deposits will be provided to opposing counsel if such deposits are responsive to an appropriate discovery request.



4.      Shockingly, as shown in the screenshot below, all three of the exemplary Visual

Material deposit images shown above appear to have been **directly copied** by Defendants (as more

fully discussed below):



5.      Juka owns the exclusive rights embodied in the following United States Trademark

Registrations:

(i)      Reg. No. 4972762 for "TUBSHROOM" in Class 11 covering "Strainers for
plumbing drains;"

(ii)     Reg. No. 5179859 for "SINKSHROOM" in Class 11 covering "Strainers for
plumbing drains; Plumbing fittings, namely, sink strainers; Plumbing supplies,
namely, sink strainers;"

(iii)    Reg. No. 5179860 for "SHOWERSHROOM" in Class 11 covering "Strainers for
plumbing drains; Plumbing fittings, namely, sink strainers; Plumbing supplies,
namely, sink strainers;" and

(iv)     Reg. No. 5313609 for "STOPSHROOM" in Class 21 covering "Drain plugs for
plumbing drains; water stoppers for plumbing drains"

(collectively, the "Federal Trademarks"). Copies of these four (4) U.S. Trademark Registrations
are attached hereto as **Exhibit B**.

6.      Juka has also developed extensive common law trademark rights in the distinctive

"MUSHROOM" shape and branding of its products through, inter alia, the use of the following logos:



(collectively, the "Common Law Trademarks") (collectively, Juka's Federal Trademarks and Common Law Trademarks are referred to herein as the "Juka Trademarks.")

7.      Juka owns exclusive rights in the ornamental design (the "Design") claimed in United States Design Patent No. D785,767 entitled "Tub Drain Hair Collector" (hereinafter the "Juka Patent"). A copy of U.S. Pat. No. D785,767 is attached hereto as **Exhibit C**.

8.      Collectively, the Juka Copyrights, Juka Trademarks and Juka Patent are referred to herein as the "Juka Ornamental Rights."

9.      Defendants violated Juka's exclusive rights in the Visual Material, in violation of the Copyright Act, 17 U.S.C. § 101 et seq., in connection with: (i) sink and tub strainers that Defendants offered for sale and/or distributed to the public by sale or other transfer of ownership; and (ii) advertisement and publicity materials related to such sink and tub strainers which materials Defendants publicly displayed; without Juka's permission.

10.     Defendants violated Juka's exclusive rights in the Juka Trademarks, in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., in connection with: (i) sink and tub strainers that Defendants used, offered for sale and/or sold in the United States; and (ii) advertisement and publicity materials related to such sink and tub strainers which materials Defendants created, stored and/or reproduced in connection with Defendants use, offer for sale and/or sale of such sink and tub strainers; without Juka's permission.

11. Defendants manufactured, sold and/or offered for sale "carbon copies" of Juka's products (which are **<u>identical in every respect</u>** with the exception of not including Juka's branding on the physical products themselves). Moreover, Defendants reproduced, counterfeited, copied, or colorably imitated Juka's Federally registered TUBSHROOM® trademark and applied such reproduction, counterfeit, copy, or colorable imitation to advertisements used and/or intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods in connection with which such use was likely to cause confusion, or to cause mistake, or to deceive, i.e., the Infringing Strainers (as defined below).

12. Defendants engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) with respect to sink and tub strainers that Defendants used, offered for sale and/or sold in the United States.

13. Defendants violated Juka's exclusive rights in the Design, in violation of the Patent Act, 35 U.S.C. § 101 et seq., in connection with sink and tub strainers that Defendants used, offered for sale and/or sold in the United States without Juka's permission.

14. Defendants violated Juka's exclusive rights in the Juka Trademarks in violation of the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law § 360 et seq., in connection with: (i) sink and tub strainers that Defendants used, offered for sale and/or sold in the United States; and (ii) advertisement and publicity materials related to such sink and tub strainers which materials Defendants created, stored and/or reproduced in connection with Defendants use, offer for sale and/or sale of such sink and tub strainers; without Juka's permission.

15. Defendants have engaged in unfair competition in violation of N.Y. Gen. Bus. Law §§ 349 and 360-l with respect to sink and tub strainers that Defendants used, offered for sale and/or sold in the United States.

16.     Juka seeks, among other relief, an injunction preventing Defendants from further infringing the Juka Copyrights, Juka Trademarks and Juka Patent and for recovery of its damages and/or a disgorgement of Defendants' profits from their infringement (including, inter alia, treble damages for counterfeiting). Juka further seeks, among other relief, an injunction preventing Defendants from further unfairly competing against Juka, and for recovery of its damages and/or a disgorgement of Defendants' profits from their unfair competition.

## THE PARTIES

17.     Plaintiff Juka is a corporation organized and existing under the laws of the State of New York with a principal place of business at 707 Broadhollow Rd., Ste 22, Farmingdale, NY 11735.

18.     On information and belief, Defendant Tinydeal is a foreign corporation incorporated under the laws of China and having an address of: Unit No. 13, 13th Floor, Wah Wai Industrial Buildings, Nos. 53-61, Pak Tin Par Street, Tsuen Wan, N.T., Hong Kong.

19.     On information and belief, Defendant Fastlink Global is a domestic corporation incorporated under the laws of the State of California, and having an address of: 6085 Rickenbacker Road, Los Angeles, CA, 90040. According to the www.Tinydeal.com website printout attached hereto as **Exhibit D**, Defendant Fastlink Global is the "US Branch" of Defendant Tinydeal. Moreover, according to the most recent "Statement of Information" available through the California Secretary of State's online database system (a copy of which is attached hereto as **Exhibit E**), Defendant Fastlink Global is listed as having a mailing address of 98 E. Broadway, Ste. 301, New York, NY 10002.

20.     On information and belief, Defendant HEG US Inc. d/b/a Serverloft is a domestic corporation incorporated under the laws of the State of Missouri and having an address of: 210

North Tucker Blvd., Suite 910, St. Louis, MO 63101.

21.     Defendants John Does #1 – 10 are persons whose identities are, as yet, unknown to Juka.

22.     On information and belief, John Does #1 – 10 engaged in: (i) the manufacture; and (ii) importation into the United States; of the Infringing Strainers (as defined below).

23.     On information and belief, John Does #1 – 10 are residents of China.

## JURISDICTION AND VENUE

24.     This is a civil action for Federal copyright infringement (17 U.S.C. § 101), trademark infringement (15 U.S.C. § 1051), trademark counterfeiting (15 U.S.C. 1114(1)(b)), unfair competition (15 U.S.C. § 1125(a)) and patent infringement (35 U.S.C. § 101 et seq.), and New York State common law trademark infringement (N.Y. Gen. Bus. Law § 360 et seq.) and common law unfair competition (N.Y. Gen. Bus. Law §§ 349 and 360-l).

25.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

26.     This Court has personal jurisdiction over Defendant Tinydeal at least because Defendant Tinydeal: (i) transacted and solicited business in the State of New York, including with respect to sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent; and (ii) committed, contributed to and/or induced acts of copyright infringement, trademark infringement, trademark counterfeiting, unfair competition and patent infringement in the State of New York, at least by offering to sell and/or selling sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent in the State of New York.

27.     This Court has personal jurisdiction over Defendant Fastlink Global (which, upon information and belief is the United States branch of Defendant Tinydeal) at least because

Defendant Fastlink Global: (i) transacted and solicited business in the State of New York, including with respect to sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent; and (ii) committed, contributed to and/or induced acts of copyright infringement, trademark infringement, trademark counterfeiting, unfair competition and patent infringement in the State of New York, at least by offering to sell and/or selling sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent in the State of New York. This Court also has personal jurisdiction over Defendant Fastlink Global inasmuch as it appears that Defendant Fastlink Global maintains an office in New York located at 98 E. Broadway, Ste. 301, New York, NY 10002 (see, e.g., **Exhibit E**).

28.     This Court has personal jurisdiction over Defendant Serverloft at least because: (i) Defendant Serverloft has transacted and solicited business in the State of New York, including with respect to providing webhosting services for the www.Tinydeal.com website through which sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent were sold and offered for sale in the State of New York; and (ii) Defendant Serverloft committed, contributed to and/or induced acts of copyright infringement, trademark infringement, trademark counterfeiting, unfair competition and patent infringement in the State of New York, by providing webhosting services for the www.Tinydeal.com website through which sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent were sold and offered for sale in the State of New York.

29.     This Court has personal jurisdiction over Defendants John Does #1—10 at least because Defendants John Does #1—10: (i) transacted and solicited business in the State of New York, including with respect to sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent; and (ii) committed, contributed to and/or induced acts of copyright

infringement, trademark infringement, trademark counterfeiting, unfair competition and patent infringement in the State of New York, at least by offering to sell and/or selling sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent in the State of New York.

30.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2), 1391(c)(2) and 1400 at least because: (i) Defendants reside in this district by transacting and soliciting business in this district, including with respect to sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent; (ii) Defendants reside in this district by committing acts of Federal copyright infringement, trademark infringement, trademark counterfeiting, unfair competition and patent infringement and New York State trademark infringement and unfair competition in this district by offering to sell and/or selling sink and tub strainers that infringe the Juka Copyrights, Juka Trademarks and Juka Patent and which otherwise unfairly compete against Juka's products; and (iii) Defendants Tinydeal, Fastlink Global and Serverloft are each corporations which are subject to this Court's personal jurisdiction.

31.     Venue is also proper with respect to Defendant Tinydeal (and, on information and belief, Defendants John Does # 1 – 10) under 28 U.S.C. §§ 1391(c)(3) inasmuch as Defendant Tinydeal is a Chinese corporation (i.e., a defendant which is "not resident in the United States") (as are, on information and belief, Defendants John Does #1—10).

## FACTUAL ALLEGATIONS

### I.     Juka's Intellectual Property Rights

32.     Juka has designed, developed, made, and sold a variety of sink, tub and shower strainers.

33.     On or about September 28, 2015, Juka's predecessors-in-interest launched a

KICKSTARTER® campaign to market their unique products.

34.     Initially seeking only a modest fundraising target of $12,000, this KICKSTARTER® campaign was wildly successful – raising $59,267, i.e., nearly five (5) times the original goal. A printout from the KICKSTARTER® website discussing this campaign is attached hereto as **Exhibit F**.

35.     Through various other crowdfunding platforms, Juka's predecessors-in-interest raised a total of over $200,000 in pre-orders. Clearly, the market had spoken, and there was high demand for Juka's novel products.

36.     Juka's products have received widespread praise through such media outlets as Tech Insider, BuzzFeed, Slate, Glamour Magazine, USA Today and many others. Some collected examples of positive publicity surrounding Juka's products are attached hereto as **Exhibit G**.

37.     Recognizing the counterfeiting challenges that "the little guy" often faces after developing a commercially successful product, Juka has taken steps to protect its innovative products. In particular, Juka owns:

(i)     various United States copyright registrations relating to the Visual Material. Relevant to this dispute, Juka owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the Juka Copyrights identified above from at least as early as the date such copyright registrations duly and legally issued to Juka, namely:

(a) January 3, 2017 with respect to Copyright Reg. No. VAu001283873;

(b) August 23, 2016 with respect to Copyright Reg. No. VAu001263568; and

(c) January 3, 2017 with respect to Copyright Reg. No. VAu001283876;

(ii)     various trademark rights relating to Juka's "MUSHROOM" Brand including:

(a)     the Juka Federal Trademarks identified above from at least as early as the

date such trademark registrations duly and legally issued to Juka, namely:

(1)     June 7, 2016 with respect to Trademark Reg. No. 4972762 for

"TUBSHROOM";

(2)     April 11, 2017 with respect to Trademark Reg. No. 5179859 for

"SINKSHROOM";

(3)     April 11, 2017 with respect to Trademark Reg. No. 5179860 for

"SHOWERSHROOM"; and

(4)     October 17, 2017 with respect to Trademark Reg. No. 5313609 for

"STOPSHROOM";

(b)     The Juka Common Law Trademarks identified above, namely the following

composite trademarks:



and

(iii)   various United States design patents relating to its Design.  Relevant to this dispute,

Juka owns all right, title, and interest in, and has the right to sue and recover for

past, present, and future infringement of, the Juka Patent identified above from May

2, 2017 – the date such patent duly and legally issued to Juka.

38.     The Juka Copyrights, Juka Federal Trademarks and Juka Patent are presumed to be

valid.

39.     As Juka anticipated, third party infringers have, unfortunately, come out of the

proverbial "woodwork" in an effort to unlawfully knock-off Juka's innovative products – infringing the Juka Ornamental Rights.

40.     Incredibly, in the short time since Juka has been selling its innovative products, Juka has successfully pursued over one thousand (1000) takedown notices / cease and desist letters against numerous third parties (including various Amazon and eBay resellers). Most notably, Juka has been successful in stopping third party infringement by Ontel Products Corporation, Creative Concepts Manufacturing Limited and Groupon, Inc.  Example photographs of various infringing products in connection with which Juka has successfully enforced its rights are attached hereto as **Exhibit H**. In other words, numerous third parties tried to capitalize on Juka's unique products, but quickly stopped and recognized Juka's Ornamental Rights once such third parties were confronted.

## II.     Articulation of Juka's Ornamental Rights

41.     As noted above, the Juka Copyrights, Juka Trademarks and Juka Patent are collectively referred to as the "Juka Ornamental Rights." This is because such rights are not mutually exclusive and may be broadly thought of as protecting the ornamentation of Juka's products.

42.     In broadly considering the Juka Ornamental Rights, Juka has articulated at least nine (9) separate ornamental features (hereinafter "Ornamental Features") which are protected by Juka's Ornamental Rights, including:

      (i)     an overall "mushroom shape" design;

      (ii)    a rounded "mushroom cap" shaped top portion;

      (iii)   a plurality of rounded holes in the "mushroom cap" evocative of the "scales" (aka "spots") common to many mushrooms;

      (iv)    a cylindrical "mushroom stalk";

(v)     an internal, cylindrical hollow in the stalk;

(vi)    a plurality of rounded holes in the "mushroom stalk" evocative of the "scales" common to many mushrooms;

(vii)   a rounded base area evocative of a "mushroom ring" / "mushroom volva";

(viii)  a plurality of rounded holes in the base area also evocative of "mushroom scales"; and

(ix)    a plurality of end-protrusions evocative of mycelium.

43.    A side-by-side comparison of the Juka Ornamental Rights and mushroom

anatomy diagrams may be found in Table 1 below:

| Table 1 | | |
|---|---|---|
| **SHROOM™ Family Design Description** | **SHROOM™ Family Design Images** | **Mushroom Biology[2]** |
| (i)      an overall "mushroom shape" design;<br><br>(ii)     a rounded "mushroom cap" shaped top portion;<br><br>(iii)    a plurality of rounded holes in the "mushroom cap" evocative of the "scales" (aka "spots") common to many mushrooms;<br><br>(iv)    a cylindrical "mushroom stalk";<br><br>(v)     an internal, cylindrical hollow in the stalk;<br><br>(vi)    a plurality of rounded holes in the "mushroom stalk" similarly evocative of "scales";<br><br>(vii)   a rounded base area evocative of a "mushroom ring" / "mushroom volva";<br><br>(viii) a plurality of rounded holes in the base area evocative of "mushroom scales"; and<br><br>(ix)    a plurality of end-protrusions evocative of mycelium. |  |  |

[2] Images courtesy of https://www.tes.com/lessons/_whuNGL1BM6nAw/fungi and https://www.kickstarter.com/projects/growlamp/grow-a-lamp-you-grow-from-mushroom-mycelium.

### III.    Defendants' Infringing Activities

### A.    Defendants' Activities & Juka's "Test Buys"

44.    On information and belief, Defendant Tinydeal is a large Chinese company primarily operated out of Hong Kong. Defendant Tinydeal also operates a U.S. branch (i.e., Defendant Fastlink Global) as well as a non-party U.K. branch (i.e., "Tinydeal, Co. Limited"). See, e.g., **Exhibit D**. On information and belief, Defendant Fastlink Global is jointly and severally liable with Defendant Tinydeal and should be treated as a single entity for purposes of this lawsuit with respect to the sale, offering for sale and distribution of the Infringing Strainers (and the various causes of action resulting therefrom). On information and belief, Defendant Tinydeal effectively controls Defendant Fastlink Global (i.e., its "US Branch"). For example, customers who purchase through the www.tinydeal.com website solely interact with a single entity known as "Tinydeal." This is shown by the test buy order receipts (discussed more fully below in paragraph 53 and attached hereto as **Exhibit N**). Such receipts are sent from the "sales@tinydeal.com" e-mail address and contain numerous references to the "TinyDeal Direct Online Store." Moreover, according to the description provided to the California Secretary of State in its "Statement of Information" (see **Exhibit E**), Defendant Fastlink Global is in the business of "Warehouse Storage." On information and belief, Defendant Fastlink Global thus acts as an agent for and is controlled by Defendant Tinydeal in providing "Warehouse Storage" for shipments from TinyDeal's Chinese manufacturers to customers in the United States.

45.    Defendant Tinydeal operates the www.Tinydeal.com website (hereinafter the "Tinydeal Website"). The Tinydeal Website describes itself as "a global China wholesale / retail online shop" which "hosts over 80000+ products in a wide range of categories." See the Tinydeal Website printout attached hereto as **Exhibit I**.

46.    On information and belief, the Tinydeal Website is hosted on U.S.-based servers owned and operated by Defendant Serverloft.

47.    Through an online search, Juka's agents discovered that, without Juka's authorization, Defendant Tinydeal used, offered for sale and/or sold "sink and shower strainers" (hereafter, the "Infringing Strainers") in the United States that infringe the Juka Ornamental Rights.

48.    Admittedly, the Infringing Strainers were generically referred to in the title of the listing page on the Tinydeal Website as "Bathroom Hair Catchers." However, as shown in the screenshots attached hereto as **Exhibit J** the Tinydeal Website listing for the Infringing Strainers:

    (i)      used Plaintiff's Federally registered TUBSHROOM® trademark;

    (ii)     used Plaintiff's proprietary advertising photographs of TUBSHROOM® brand products (which photographs included shots prominently featuring close-ups showing the Federally registered TUBSHROOM® trademark on such products);

    (iii)    used Plaintiff's proprietary advertising "copy" (i.e., descriptive text) from TUBSHROOM® brand products; and

    (iv)     used Plaintiff's embedded YouTube® videos of advertisements produced in connection with Plaintiff's sales campaign for TUBSHROOM® brand products (which videos also make prominent use of the TUBSHROOM® trademark.

49.    Additionally, the Tinydeal Website listing for the Infringing Strainers appears to have been advertised on the Google® search engine under the search keyword "tubshroom" as shown in the screenshot below:



50.     The use, sale and offer for sale of the Infringing Strainers could not have come at a worse time for Juka. Juka discovered the Tinydeal Website's listing for the Infringing Strainers just days after "Black Friday" and "Cyber Monday" – two of the busiest online shopping days of the year.

51.     On information and belief, the Infringing Strainers were being sold / offered for sale during such holidays, to wit, the sale of the Infringing Strainers was discovered on November 25, 2017.

52.     Immediately after discovering the Tinydeal Website listing for the Infringing Strainers, Juka took action. More specifically:

(i)     on November 28, 2017, Juka sent a cease and desist letter to Defendant Tinydeal (a copy of which is attached hereto as **Exhibit K**); and

(ii)    on November 30, 2017, after Defendant Tinydeal was unresponsive, Juka sent a cease and desist letter to Defendant Serverloft (a copy of which is attached hereto as **Exhibit L**) and an infringement report to non-party PayPal (a copy of which is attached hereto as **Exhibit M**).

53.     Dismayed that the listings were not being promptly removed, on December 4, 2017, Juka's agents conducted "test buys" of Infringing Strainers through the Tinydeal Website. More specifically, Juka's agents placed: (i) one order to Juka's offices in New York; and (ii) a second order to the headquarters of Juka's counsel (located in Florida). Copies of the e-mail receipts confirming such test buys are attached hereto as **Exhibit N**.

54.     Upon receipt, Juka's agents confirmed that these test buy orders contained Infringing Strainers manufactured by Defendants John Does #1—10. In fact, as shown by the side-by-side comparison photographs below, the Infringing Strainer (in blue) from Juka's test buy is **identical** to an authentic TubShroom® brand product (in green) with the exception that the word "TubShroom" has been removed from the Infringing Strainer:





55.     Put another way, all nine (9) of Juka's protected Ornamental Features **are fully and identically embodied** in the Infringing Strainers.

56.     On information and belief, the Infringing Strainers were: (i) manufactured in China; and (ii) imported into the United States; by John Does #1 – 10.

57.     On information and belief, the Infringing Strainers were not removed from the Tinydeal Website until on or about December 11, 2018, i.e., until after the "online Holiday shopping season" was almost over (and until after the sale of the Infringing Strainers had resulted in significant sales losses to Juka).

58.     On information and belief, Defendant Tinydeal, Defendant Fastlink Global and/or Defendant Serverloft purposefully delayed removing or disabling access to the Tinydeal Website listing for the Infringing Strainers in order to maximize profits.

59.     In other words, upon obtaining knowledge or awareness of the sale of the Infringing Strainers, Defendants Tinydeal, Fastlink Global and Serverloft did not act expeditiously to remove, or disable access to, the Tinydeal Website listing for the Infringing Strainers. Accordingly, Defendant Tinydeal, Fastlink Global and Serverloft are not entitled to avoid liability under the so-called "safe harbor" provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(1).

60.     As more fully discussed below, on information and belief, Defendants Tinydeal and Fastlink Global have:

(i)     directly and contributorily infringed the Juka Copyrights within the meaning of 17 U.S.C. § 501;

(ii)    directly and contributorily infringed the Juka Trademarks within the meaning of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360-k; and

(iii)   directly infringed and actively induced infringement of the Juka Patent within the meaning of 35 U.S.C. § 271;

at least by using, offering for sale and/or selling the Infringing Strainers in the United States without Juka's authorization.

61.     As more fully discussed below, on information and belief, Defendant Serverloft has:

(i)     directly and contributorily infringed the Juka Copyrights within the meaning of 17 U.S.C. § 501;

(ii)    directly and contributorily infringed the Juka Trademarks within the meaning of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360-k; and

(iii)   actively induced infringement of the Juka Patent within the meaning of 35 U.S.C. § 271;

at least by hosting the Tinydeal Website through which Infringing Strainers were used, sold and/or offered for sale in the United States without Juka's authorization.

62.     As more fully discussed below, on information and belief, Defendant John Does #1 – 10 have:

(i)     directly infringed the Juka Copyrights within the meaning of 17 U.S.C. § 501;

(ii)    directly infringed the Juka Trademarks within the meaning of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360-k; and

(iii)   directly infringed the Juka Patent within the meaning of 35 U.S.C. § 271;

at least by importing, using, offering for sale and/or selling the Infringing Strainers in the United States without Juka's authorization.

63.     Based on Juka's considerable past experience in policing similar infringement, Juka is concerned that a "whack a mole" scenario will develop without injunctive relief, i.e., a scenario

wherein Defendants John Does #1—10 periodically sell Infringing Strainers through the Tinydeal Website (albeit under a different alias and different product listings) in the weeks leading up to major sales holidays (e.g., Thanksgiving and Christmas). Juka is concerned that, absent injunctive relief, such a scenario will occur where, by the time the other Defendants collectively or individually remove or disable access to such listings, Defendants will have greatly profited and simply "bide their time" to await the next major sales holiday. Such repeat offenses should not be tolerated by this Court.

> **B.    Defendants' Copyright Infringement**

64.    Without Juka's authorization, Defendants made, used, offered for sale, sold, and/or imported into the United States the Infringing Strainers which violate the Juka Copyrights.

65.    On information and belief, Defendants copied the Visual Material in creating and advertising the Infringing Strainers.

66.    The Infringing Strainers are substantially similar to the Visual Materials covered by the Juka Copyrights. For example, as noted above, the Infringing Strainers are **identical, counterfeits** of TUBSHROOM® brand products (with the exception that the word "TUBSHROOM" was removed) and fully and identically embody each of the nine (9) protected Ornamental Features.

67.    Defendants Tinydeal and Fastlink Global directly and contributorily infringed the Juka Copyrights within the meaning of 17 U.S.C § 101 et seq., in connection with:

      (i)    offering the Infringing Strainers for sale and/or distributing the Infringing Strainers to the public by sale or other transfer of ownership; and

      (ii)    the publication of Juka's advertising and publicity materials in connection with offering the Infringing Strainers for sale and/or distributing the

Infringing Strainers to the public by sale or other transfer of ownership of

the Infringing Strainers;

without Juka's permission.

68.     After receiving Juka's cease and desist letter on November 28, 2017 (by which date

Defendant Tinydeal and Defendant Fastlink Global were indisputably put on notice of Juka's rights

and the infringement thereof), Defendant Tinydeal and Fastlink Global did not act expeditiously

to remove, or disable access to, the Tinydeal Website listing for the Infringing Strainers.

69.     Defendant Serverloft directly and contributorily infringed the Juka Copyrights

within the meaning of 17 U.S.C § 101 et seq., in connection with hosting the Tinydeal Website

through which:

(i)      the Infringing Strainers were offered for sale and/or distributed to the public

by sale or other transfer of ownership; and

(ii)     Defendant Tinydeal and/or Defendant Fastlink Global published Juka's

advertising and publicity materials in connection with the offering for sale

and/or distribution to the public by sale or other transfer of ownership of the

Infringing Strainers.

70.     After receiving Juka's cease and desist letter on November 30, 2017 (by which date

Defendant Serverloft was indisputably put on notice of Juka's rights and the infringement thereof),

Defendant Serverloft did not act expeditiously to remove, or disable access to, the Tinydeal

Website listing for the Infringing Strainers.

71.     Defendants John Does # 1 –10 directly infringed the Juka Copyrights within the

meaning of 17 U.S.C § 101 et seq., in connection with:

(i)      offering the Infringing Strainers for sale and/or distributing the Infringing

Strainers to the public by sale or other transfer of ownership; and

(ii)     the publication of Juka's advertising and publicity materials in connection with offering the Infringing Strainers for sale and/or distributing the Infringing Strainers to the public by sale or other transfer of ownership of the Infringing Strainers;

without Juka's permission.

### C.     Defendants' Trademark Infringement & Counterfeiting

72.     Juka has conscientiously taken steps to develop a "MUSHROOM" Brand in connection with its products. Juka has done this, inter alia, by:

(i)     consistently using the word-formative "SHROOM" in connection with its product names;

(ii)     obtaining Federal Trademark Registrations over relevant goods for the words "TUBSHROOM" (Reg. No. 4972762), "SINKSHROOM" (Reg. No. 5179859), "SHOWERSHROOM" (Reg. No. 5179860) and "STOPSHROOM" (Reg. No. 5313609);

(iii)     registering the "www.tubshroom.com," "www.sinkshroom.com" and "www.showershroom.com" domain names; and

(iv)     using the Common Law Trademarks shown below (which include both a stylized "Mushroom Cap" trademark and a heightened emphasis on the word formative "SHROOM"):

  

73.     The Infringing Strainers are likely to cause confusion, or to cause mistake or to cause deception with the Juka Trademarks in violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360-k.

74.     Defendant Tinydeal, Defendant Fastlink Global, Defendant Serverloft and Defendants John Does # 1-10 directly infringed the Juka Trademarks: (i) within the meaning of 15 U.S.C. § 1114; and (ii) within the meaning of N.Y. Gen. Bus. Law § 360-k; by using the Juka Trademarks in connection with the advertisement and sale / offers for sale of the Infringing Strainers.

75.     Defendant Tinydeal, Defendant Fastlink Global and Defendant Serverloft contributorily infringed the Juka Trademarks: (i) within the meaning of 15 U.S.C. § 1114; and (ii) within the meaning of N.Y. Gen. Bus. Law § 360-k; by using the Juka Trademarks in connection with the advertisement and sale / offers for sale of the Infringing Strainers.

76.     More specifically, as noted above, the Tinydeal Website listing for the Infringing Strainers made prominent use of the Federally registered TUBSHROOM® trademark as well as Juka's unregistered "Mushroom" trade dress. As articulated above, the Infringing Strainers embody each of the nine (9) Ornamental Features protected by Juka's unregistered "Mushroom" trade dress.

77.     Such exact use of the Federally registered TUBSHROOM® trademark constituted reproduction, counterfeiting, copying, or colorable imitation of Juka's Federally registered TUBSHROOM® trademark and the application of such reproduction, counterfeit, copy or colorable imitation to advertisements used and/or intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of the Infringing Strainers.

78.     By way of example, the screenshot below was taken from the Tinydeal Website

listing for the Infringing Strainers. As can be readily seen:

(i)     the Federally registered wordmark "TUBSHROOM" is used in the "advertising copy";

(ii)    the TUBSHROOM® trademark is prominently shown on the product photographs; and

(iii)   Juka's Common Law Trademarks (including the "MUSHROOM" trade dress) are prominently displayed.



**Smarter Drain Protection**

TubShroom fits any standard shower bathtub drain with a snug fit. The unique mushroom-like shape allows for maximum water flow so you can keep on showering. Hair collects neatly inside the drain around the bottom lip--completely out of sight--until you're ready to clean it off. A drain that has TubShroom in place can go weeks without having to be cleaned.

**The Last Hair Catcher You'll Ever Need**

Your TubShroom was built with long-lasting, industrial-strength silicone so it doesn't need to be replaced for at least 10 years. Say good-bye to harmful cleaners, pricey plumbers, and clogged drains forever. Get back to enjoying your showers in peace.





79.     Such use / intended use was likely to cause confusion, or to cause mistake, or to deceive consumers into believing that the Infringing Strainers were Juka's bona fide TUBSHROOM® brand products.

80.     As such, Defendants have committed counterfeiting within the meaning of 15 U.S.C. § 1114(1)(b).

**D.     Defendants' Unfair Competition**

81.     Defendants' conduct is likely to cause confusion, mistake or deception as to: (i) the affiliation, connection or association of Defendants' Infringing Strainers and Juka; and (ii) the origin, sponsorship or approval of Defendants and the Infringing Strainers by Juka; in violation of:

(i)     Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and

(ii)    the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law §§ 349 and 360-l.

82.     Put another way, Defendants' conduct was a thinly veiled attempt to "palm off" counterfeit Infringing Strainers as Plaintiff's TUBSHROOM® brand products.

83.     For example, as explained above, for at least several weeks (and possibly much longer) a Google® search for the word "tubshroom" displayed the Tinydeal Website listing for the Infringing Strainers. Moreover, the Tinydeal Website:

(i)     made prominent use of Plaintiff's Federally registered TUBSHROOM® trademark;

(ii)    prominently displayed Plaintiff's proprietary advertising photographs of TUBSHROOM® brand products (which photographs included shots prominently featuring close-ups showing the Federally registered TUBSHROOM® trademark on products);

(iii)   used Plaintiff's proprietary advertising "copy" (i.e., descriptive text) from TUBSHROOM® brand products; and

(iv)    used Plaintiff's embedded YouTube® videos of advertisements produced by Plaintiff in connection with Plaintiff's sales campaign for TUBSHROOM® brand products (which videos also make prominent use of the TUBSHROOM® trademark.

84.     On information and belief, such clear (indeed, over-the-top) use of the Juka Trademarks caused consumers to become confused as to the affiliation, connection, or association of Juka with another person, and as to the origin, sponsorship, or approval of another person's goods by Juka.

**E.     Defendants' Patent Infringement**

85.     On information and belief, Defendant Tinydeal and Defendant Fastlink Global have directly infringed and actively induced infringement of the Juka Patent within the meaning of 35 U.S.C. § 271 at least by using, offering for sale and/or selling the Infringing Strainers in the United

States without Juka's authorization.

86.     On information and belief, Defendant Serverloft has actively induced infringement of the Juka Patent within the meaning of 35 U.S.C. § 271 at least by hosting the Tinydeal Website through which Infringing Strainers were used, sold and/or offered for sale in the United States without Juka's authorization.

87.     As more fully discussed below, on information and belief, Defendant John Does #1 – 10 have directly infringed the Juka Patent within the meaning of 35 U.S.C. § 271 at least by importing into the United States and/or using, selling and/or offering for sale the Infringing Strainers in the United States without Juka's authorization.

88.     The overall appearance of the Design of the Juka products covered by the Juka Patent and the corresponding designs of Defendants' Infringing Strainers are substantially the same.

89.     An ordinary observer would perceive the overall appearance of the Design covered by the Juka Patent and the corresponding designs of Defendants' Infringing Strainers to be substantially the same.

90.     Indeed, the overall appearance of the Design of the Juka products covered by the Juka Patent and the corresponding designs of Defendants' Infringing Strainers are **identical**.

91.     Table 2 below illustrates Defendants' infringement by comparing figures from the Juka Patent with exemplary images of the Infringing Strainers. As can be readily seen, the Infringing Strainers are identical, counterfeits of the Design covered by the Juka Patent.[3]

---

[3] To the extent that there is some "deformation" in the shape of the exemplary Infringing Strainer shown below, Juka notes that the exemplary Infringing Strainer – like authentic TUBSHROOM® brand products – is manufactured out of a flexible silicone material.

| Table 2 – Comparison of the Juka Patent with the Infringing Strainers | |
|---|---|
| **US D785,767 Patent Figures** | **Exemplary Photographs of Infringing Strainer** |
| <br>**Fig. 1** |  |
| <br>**Fig. 2** |  |
| <br>**Fig. 3** |  |

| Table 2 – Comparison of the Juka Patent with the Infringing Strainers | |
|---|---|
| **US D785,767 Patent Figures** | **Exemplary Photographs of Infringing Strainer** |
| <br>**Fig. 4** |  |
| <br>**Fig. 5** |  |
| <br>**Fig. 6** |  |



| Table 2 – Comparison of the Juka Patent with the Infringing Strainers | |
|---|---|
| **US D785,767 Patent Figures** | **Exemplary Photographs of Infringing Strainer** |
| Fig. 7 | |
| Fig. 8 | |

92.     On information and belief, Defendant Tinydeal, Defendant Fastlink Global and Defendant Serverloft knew or had reason to know that the Infringing Products copied the Design covered by the Juka Patent at least as early as their receipt of the individual cease and desist letters sent by Juka.

93.     On information and belief, Defendants John Does # 1—10 intended to copy the Design covered by the Juka Patent.

## Count I

### (Direct Infringement Under 17 U.S.C. § 501 of the Juka Copyrights – All Defendants)

94.     Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93 of this Complaint.

95.     Defendants, without authorization from Juka, have used, offered for sale, sold, and/or otherwise transferred ownership of sink and tub strainers within the United States that infringe the Juka Copyrights (i.e., the Infringing Strainers).

96.     The Juka Copyrights are Federally registered and, therefore, presumed valid.

97.     Juka has been harmed by the infringement of the Juka Copyrights by Defendant and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants.

## Count II

### (Contributory Infringement Under 17 U.S.C. § 501 of the Juka Copyrights – Defendants Tinydeal, Fastlink Global and Serverloft)

98.     Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93 and 95 through 97 of this Complaint.

99.     Defendants Tinydeal, Fastlink Global and Serverloft, without authorization from Juka, knowingly induced or encouraged direct infringement of the Juka Copyrights.

100.     Defendants Tinydeal, Fastlink Global and Serverloft:

(i)      knew or had reason to know that, inter alia, Defendants John Does #1—10 were directly infringing the Juka Copyrights; and

(ii)     notwithstanding point (i) above, engaged in conduct that encouraged or assisted such infringement.

101.     Defendants Tinydeal, Fastlink Global and Serverloft induced, caused and/or

materially contributed to the infringing conduct of, inter alia, Defendants John Does #1—10. Defendants Tinydeal, Fastlink Global and Serverloft did this by, among other things, providing the online sales platform through which Infringing Strainers were offered for sale and/or sold and/or offered for other distribution to the public and through which Juka's copyrighted publicity photographs and "copy" (i.e., advertising text) were published.

102.    Juka has been harmed by the contributory infringement of the Juka Copyrights by Defendant and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants.

**Count III**

**(Vicarious Infringement Under 17 U.S.C. § 501 of the Juka Copyrights – Defendants Tinydeal, Fastlink Global and Serverloft)**

103.    Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97 and 99 through 102 of this Complaint.

104.    Defendants Tinydeal, Fastlink Global and Serverloft, without authorization from Juka, intentionally induced or encouraged direct infringement of the Juka Copyrights.

105.    Defendants Tinydeal, Fastlink Global and Serverloft:

(i)     had the right and ability to supervise the infringing activity (by removing, or disabling access to, the Tinydeal Website listing for the Infringing Strainers); and

(ii)    and also have a direct financial interest in such activities.

106.    Juka has been harmed by the vicarious infringement of the Juka Copyrights by Defendants and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants.

**Count IV**

**(Direct Infringement Under 15 U.S.C. § 1114 of the Juka Trademarks – All Defendants)**

107.   Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102 and 104 through 106 of this Complaint.

108.   Defendants, without authorization from Juka, have used, offered for sale, sold, and/or imported in or into the United States sink and tub strainers that infringe the Juka Trademarks.

109.   Defendants, without authorization from Juka, have used the Juka Trademarks (specifically, the Federally registered TUBSHROOM® trademark) in connection with advertising, sales and offers for sale of the Infringing Strainers.

110.   Juka has been harmed by the infringement of the Juka Trademarks by Defendants and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants.

**Count V**

**(Counterfeiting Under 15 U.S.C. § 1114(1)(b) of the Juka Trademarks – All Defendants)**

111.   Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102, 104 through 106 and 108 through 110 of this Complaint.

112.   Defendants, without authorization from Juka, have used, offered for sale, sold, and/or imported in or into the United States sink and tub strainers that infringe the Juka Trademarks.

113.   Defendants, without authorization from Juka, have reproduced, counterfeited, copied, or colorably imitated a registered mark (i.e., Juka's the TUBSHROOM® trademark) and

applied such reproduction, counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods in connection with which such use was likely to cause confusion, or to cause mistake, or to deceive.

114.     Defendants: (i) intentionally used the Federally registered TUBSHROOM® trademark in connection with the sale, offering for sale, or distribution of the Infringing Strainers; and/or (ii) provided goods or services necessary to the commission of such counterfeiting with the intent that the recipient thereof would put such goods or services to use in committing the violation.

115.     Juka has been harmed by the infringement of the Juka Trademarks by Defendants and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants.

## Count VI

### (Contributory Infringement Under 15 U.S.C. § 1114 of the Juka Trademarks – Defendants Tinydeal, Fastlink Global and Serverloft)

116.     Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102, 104 through 106, 108 through 110 and 112 through 115 of this Complaint.

117.     Defendants Tinydeal, Fastlink Global and Serverloft continued to supply their respective services to one another and to Defendants John Does #1—10 **after** Defendants Tinydeal, Fastlink Global and Serverloft knew or had reason to know of the direct trademark infringement of the Juka Trademarks.

118.     Defendants Tinydeal, Fastlink Global and Serverloft had more than a general knowledge or reason to know about the infringement of the Juka Trademarks. Rather, Defendants Tinydeal, Fastlink Global and Serverloft had specific knowledge of such infringement at least as

early as receiving cease and desist letters from Juka (i.e., at least as early as November 28, 2017 for Defendants Tinydeal and Fastlink Global, and at least as early as November 30, 2017 for Defendant Serverloft).

119.    Juka has been harmed by the contributory infringement of the Juka Trademarks by Defendants and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants.

## Count VII

### (Unfair Competition Under 15 U.S.C. § 1125(a) – All Defendants)

120.    Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102, 104 through 106, 108 through 110, 112 through 115 and 117 through 119 of this Complaint.

121.    Defendants deliberately and willfully attempted to trade on Juka's hard-earned goodwill in the Juka Trademarks as well as Juka's reputation for quality products in order to confuse consumers as to the origin and sponsorship of the Infringing Strainers and, thus, to pass off the Infringing Strainers as bona fide Juka products.

122.    Defendants' conduct is likely to cause confusion, mistake or deception as to: (i) the affiliation, connection or association of the Infringing Strainers and Defendants with Juka; and (ii) the origin, sponsorship or approval of Defendants and the Infringing Strainers by Juka; in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

123.    Juka has been harmed by Defendants' unfair competition, and will continue to be irreparably harmed without an injunction preventing future incidents of such unfair competition by Defendants.

**Count VIII**

**(Direct Infringement Under 35 U.S.C. § 271 of the Juka Patent – Defendants Tinydeal, Fastlink Global and John Does #1—10)**

124.   Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102, 104 through 106, 108 through 110, 112 through 115, 117 through 119 and 121 through 123 of this Complaint.

125.   Defendants Tinydeal, Fastlink Global and John Does #1—10, without authorization from Juka, used, offered for sale, sold, and/or imported in or into the United States, sink and tub strainers that infringe the Juka Patent (i.e., the Infringing Strainers).

126.   Juka has been harmed by the infringement of the Juka Patent by Defendants Tinydeal, Fastlink Global and John Does #1—10, and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants Tinydeal, Fastlink Global and John Does #1—10.

**Count IX**

**(Induced Infringement Under 35 U.S.C. § 271 of the Juka Patent – Defendants Tinydeal, Fastlink Global and Serverloft)**

127.   Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102, 104 through 106, 108 through 110, 112 through 115, 117 through 119, 121 through 123 and 125 through 126 of this Complaint.

128.   Defendants Tinydeal, Fastlink Global and Serverloft, without authorization from Juka, induced, inter alia, Defendant's John Does #1—10 into using, offering for sale, selling, and/or importing in or into the United States, sink and tub strainers that infringe the Juka Patent (i.e., the Infringing Strainers).

129.   Defendants Tinydeal, Fastlink Global and Serverloft:

(i)     had knowledge of the Juka Patent;

(ii)    knew that their respective actions were inducing acts of infringement with respect to, inter alia, Defendant's John Does #1-100; and

(iii)   specifically intended to encourage such infringement;

at least as early as November 28, 2017 with respect to Defendants Tinydeal and Fastlink Global and at least as early as November 30, 2017 with respect to Defendant Serverloft.

130.    Juka has been harmed by the infringement of the Juka Patent by Defendants Tinydeal, Fastlink Global and Serverloft, and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants Tinydeal, Fastlink Global and Serverloft.

## Count X

### (Direct Infringement Under N.Y. Gen. Bus. Law § 360-k of the Juka Trademarks– All Defendants)

131.    Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102, 104 through 106, 108 through 110, 112 through 115, 117 through 119, 121 through 123, 125 through 126 and 128 through 130 of this Complaint.

132.    Defendants, without authorization from Juka, used, offered for sale, sold, and/or transported in commerce in the State of New York sink and tub strainers that infringe the Juka Trademarks.

133.    Defendants, without authorization from Juka, have used the Juka Trademarks (specifically, the Federally registered TUBSHROOM® trademark) in connection with advertising, sales and offers for sale of the Infringing Strainers.

134.    Juka has been harmed by the infringement of the Juka Trademarks by Defendants and will continue to be irreparably harmed without an injunction preventing future incidents of

such infringement by Defendants.

## Count XI

**(Contributory Infringement Under N.Y. Gen. Bus. Law § 360-k of the Juka Trademarks– Defendants Tinydeal, Fastlink Global and Serverloft)**

135.    Juka re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, 95 through 97, 99 through 102, 104 through 106, 108 through 110, 112 through 115, 117 through 119, 121 through 123, 125 through 126, 128 through 130 and 132 through 134 of this Complaint.

136.    Defendants Tinydeal, Fastlink Global and Serverloft continued to supply their respective services to one another and to Defendants John Does #1—10 **<u>after</u>** Defendants Tinydeal, Fastlink Global and Serverloft knew or had reason to know of the direct trademark infringement of the Juka Trademarks within the State of New York.

137.    Defendants Tinydeal, Fastlink Global and Serverloft had more than a general knowledge or reason to know about the infringement of the Juka Trademarks. Rather, Defendants Tinydeal, Fastlink Global and Serverloft had specific knowledge of such infringement at least as early as receiving cease and desist letters from Juka (i.e., at least as early as November 28, 2017 for Defendants Tinydeal and Fastlink Global, and at least as early as November 30, 2017 for Defendant Serverloft).

138.    Juka has been harmed by the contributory infringement of the Juka Trademarks by Defendant and will continue to be irreparably harmed without an injunction preventing future incidents of such infringement by Defendants.

## Count XII

**(Unfair Competition Under N.Y. Gen. Bus. Law §§ 349 and 360-l – All Defendants)**

139.    Juka re-alleges and incorporates by reference the allegations set forth in paragraphs

1 through 93, 95 through 97, 99 through 102, 104 through 106, 108 through 110, 112 through 115,

117 through 119, 121 through 123, 125 through 126, 128 through 130, 132 through 134 and 136

through 138 of this Complaint.

140.    Defendants have deliberately and willfully attempted to trade on Juka's hard-earned

goodwill in the Juka Trademarks as well as Juka's reputation for quality products in order to

confuse consumers as to the origin and sponsorship of the Infringing Strainers and, thus, to pass

off the Infringing Strainers as bona fide Juka products.

141.    Defendants' conduct is likely to cause confusion, mistake or deception as to: (i) the

affiliation, connection or association of the Infringing Strainers and Defendants with Juka; and (ii)

the origin, sponsorship or approval of Defendants and the Infringing Strainers by Juka; in violation

of the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law §§ 349 and 360-l.

## PRAYER FOR RELIEF

**WHEREFORE**, Juka respectfully requests that the Court grant the following relief:

1.      A judgment that Defendants infringed the Juka Copyrights;

2.      A judgment that Defendants infringed the Juka Trademarks;

3.      A judgment that Defendants engaged in counterfeiting of the Federally registered

TUBSHROOM® trademark;

4.      A judgment that Defendants engaged in unfair competition;

5.      A judgment that Defendants infringed the Juka Patent;

6.      A permanent injunction enjoining Defendant and all persons acting in concert with

Defendant, from infringing the Juka Copyrights;

7.      A permanent injunction enjoining Defendants and all persons acting in concert with

Defendants, from infringing the Juka Trademarks;

8.      A permanent injunction enjoining Defendants and all persons acting in concert with Defendants from engaging in unfair competition against Juka;

9.      A permanent injunction enjoining Defendants and all persons acting in concert with Defendants, from infringing the Juka Patent;

10.     A judgment and order requiring Defendants to pay Juka supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

11.     A judgment and order requiring Defendants to pay Juka increased patent damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

12.     A judgment and order requiring Defendants to pay Juka statutory copyright damages pursuant to 17 U.S.C. § 504;

13.     A judgment and order requiring Defendants to pay Juka all damages caused by Defendants' infringement of the Juka Patent (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284, or the total profit made by Defendants from their infringement of each of the Juka Patents pursuant to 35 U.S.C. § 289;

14.     A judgment and order requiring Defendants to pay Juka pre-judgment and post-judgment interest on any damages or profits awarded;

15.     A judgment and order requiring Defendants to pay Juka: (i) Defendants' profits; (ii) any damages sustained by Juka; and (iii) the costs of this action; under 15 U.S.C. § 1117(a);

16.     A judgment and order requiring Defendants to pay Juka: (i) three times Defendants profits or Juka's damages (whichever is greater); (ii) Juka's reasonable attorney's fees; and (iii) prejudgment interest on such amounts; under 15 U.S.C. § 1117(b);

17.     A judgment and order requiring Defendants to pay Juka all profits derived from the

manufacture, use, display or sale of Infringing Strainers in New York and/or all damages suffered by Juka by reason of the manufacture, use, display or sale of the Infringing Strainers in New York under N.Y. Gen. Bus. Law § 360-m;

18.     A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

19.     A determination that this action is an exceptional case pursuant to 15 U.S.C. § 1117;

20.     A determination that Defendants acted with the intent to cause confusion or mistake or to deceive pursuant to N.Y. Gen. Bus. Law § 360-k;

21.     A determination that Defendants infringed the Juka Trademarks with knowledge or in bad faith within the meaning of N.Y. Gen. Bus. Law § 360-m;

22.     An award of Juka's attorney's fees for bringing and prosecuting this action pursuant to 35 U.S.C. § 285, 17 U.S.C. § 505 and 15 U.S.C. § 1117;

23.     An award of treble profits and damages and/or reasonable attorneys' fees to Juka from Defendants pursuant to N.Y. Gen. Bus. Law § 360-m;

24.     An award of Juka's costs and expenses incurred in bringing and prosecuting this action; and

25.     Such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Juka hereby demands a jury for all issues so triable.

Dated:  New York, New York
         January 5, 2018

Respectfully submitted,

GRIMES LLC


/s/ Russell D. Dize
Charles W. Grimes, Esq. (CG 0899)
Russell D. Dize, Esq. (RD 4000)
200 W. 57th Street, Suite 1403
New York, NY 10019
(914) 698-1305
grimes@gandb.com
dize@gandb.com

Luca Hickman, Esq.
3501 Bonita Bay Blvd.
Bonita Springs, FL  34134
(p) (239) 330-9000
(f) (239) 301-2215

*Attorneys for Plaintiff*
*Juka Innovations Corporation*